CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 30 2007

JOHN F. CORCORAN, CLERK
BY:
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JODY EUGENE CLEMENTS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:07-cv-00457 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COL. RONALD MATTHEWS, | ) | By: Hon. Glen E. Conrad |
|     Respondent. | ) | United States District Judge |

Petitioner, a Virginia inmate proceeding pro se, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] For the reasons that follow, the court will dismiss the petition summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which petitioner was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state

---

[1] Petitioner states that he was tried and sentenced on January 25, 2006, for failure to pay child support, and then tried and sentenced again on December 28, 2006, for failure to pay child support. In his view, this constitutes double jeopardy because he was sentenced twice for the same crime. He states that he attempted to appeal those convictions, but "was informed [he] could not, by [the] court." Thereafter, he filed a "motion to amend/change sentence" in the Juvenile and Domestic Relations Court of Culpeper, Virginia, which was denied on August 16, 2007, after the "witnesses were threatened in [the] Courthouse and subsequently left under threats and intimidation by [petitioner]." He specifically acknowledges that he has not raised these issues through a post-conviction motion or petition for habeas corpus in a state trial court. He requests that this court review his case, appoint an attorney, and "allow [him to] appeal from [Juvenile and Domestic Relations] court to circuit court without a bond...."

    The court notes that this is the second case petitioner has filed regarding his appearances in the Juvenile and Domestic Relations Court of Culpeper. See Civil Action No. 7:07-cv-00425 (W.D. Va. September 10, 2007). In that case, petitioner filed a complaint pursuant to 42 U.S.C. § 1983, challenging his detention pursuant to the contempt charges, and asking this court to "order Judge Frank W. Sommerville to hear [his] case...." After reviewing the complaint, this court found that the claims were more appropriately filed as a petition for a writ of habeas corpus. Therefore, the court filed the complaint in forma pauperis as a habeas action under 28 U.S.C. § 2254 and dismissed it summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases, for failure to exhaust state court remedies.

1

court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. A non-death row felon in Virginia can exhaust state remedies in one of three ways, depending on the nature of the claims one is raising. First, one can file a direct appeal to the Virginia Court of Appeals, see Va. Code § 17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, one can attack one's conviction collaterally by filing a state habeas petition with the circuit court where one was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code § 8.01-654(A); § 17.1-406(B). Finally, one can exhaust one's remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code § 8.01-654(A). Whichever route one chooses to follow, it is clear that one ultimately must present one's claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994) (denying certain claims on exhaustion principles where claims were not raised on direct appeal to state's highest court).

In this case, the petition offers no indication whatsoever that the claims have been presented to the Supreme Court of Virginia. The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Given that petitioner states that the Juvenile and Domestic Relations Court denied his "motion to amend/change sentence" on August 16, 2007, and that the instant petition is signed and dated September 13, 2007, it is clear that petitioner has not exhausted his state court remedies. Moreover, as the court has already noted,

2

petitioner specifically acknowledges that he has not raised the issues he attempts to bring in the instant petition through a post-conviction motion or petition for habeas corpus in the state trial court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Petitioner's failure to exhaust state remedies mandates summary dismissal of the petition by this court, pursuant to Rule 4.[2]

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 30th day of September, 2007.

/s/ Glen Conrad
United States District Judge

---

[2] Petitioner may still pursue federal habeas claims if petitioner is unsuccessful in obtaining relief after presenting such claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that the time to file state or federal habeas petitions is limited by statute. See 28 U.S.C. §2244(d); Virginia Code §8.01-654(A)(2).

3